IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **JERRY D. BRUMBAUGH,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 08-3007-CV-S-RED |
| **JOHN WALTERS,** *Director of the Office of National Drug Control Policy*, | ) |
| **Defendant.** | ) |

## ORDER

On December 5, 2007, plaintiff *pro se*, Jerry D. Brumbaugh, sued defendant John Walters in the Circuit Court of Wright County, Missouri to "challenge[] the so called 'Drug War' and the laws in force supporting it in all ways and means according to the law of the land." Defendant removed the case to federal court by filing a Notice of Removal on January 4, 2008. Since that time, the parties have filed a number of motions and notices with the Court. Among the documents filed by Mr. Brumbaugh is a request that this case be remanded to state court (#5 and #12). The Court will resolve that issue first because it deals with this Court's subject matter jurisdiction.

Among the documents filed by defendant is a Motion to Dismiss the case (#9). Mr. Brumbaugh filed a response to defendant's motion (#11). The Court will resolve defendant's Motion to Dismiss second because if the Court dismisses the case, all of the other motions and requests made by the parties (#6, #7, #8, #13, #14, #15, #16, #17 and #18) will be mooted.

*The case was properly removed to federal court.*

Defendant's Notice of Removal indicates that "defendant is entitled to have this action removed from the Circuit Court of Wright County, Missouri, pursuant to 28 U.S.C. § 1442(a)(1)." 28 U.S.C. § 1442(a)(1) states that "[a] civil action commenced in State court against any of the

following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: . . . any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." The Eighth Circuit Court of Appeals (the court that handles appeals from this Court's decisions) has held that this statute is constitutional. *Larsen v. Frederiksen*, 277 F.3d 1040, 1041 (8th Cir. 2002).

Mr. Brumbaugh sued the Director of the Office of National Drug Control Policy to challenge America's drug laws. This is the sort of case to which 28 U.S.C. § 1442(a)(1) was intended to apply. The Court understands that Mr. Brumbaugh may feel slighted by the abrupt removal of his state lawsuit to federal court. However, defendant was within his rights to remove the case to federal court, and this Court cannot now remand the case to state court.

### *The law requires the Court to dismiss this case.*

Mr. Brumbaugh's complaint does not state whether he has sued defendant in his official capacity or his individual capacity. The Eighth Circuit has instructed this Court to assume that the defendant is sued only in his official capacity when the complaint is silent. *See Artis v. Francis Howell North Band Booster Association*, 161 F.3d 1178, 1182 (8th Cir. 1998). Moreover, in response to defendant's argument that he has been sued in his official capacity, Mr. Brumbaugh has confirmed that he did not send his complaint to defendant's personal address but his business address "wherein defendant Walters acts in his official capacity and wherein he acts against law and liberty based on fraud." The Court will treat Mr. Brumbaugh's claims as "official capacity" claims against defendant.

The Eighth Circuit has instructed this Court that "[s]overeign immunity bars claims against

federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). The Court is not aware of any waiver expressed by Congress that would apply to this case. Fairness or policy reasons, even when premised on the constitution, cannot alone waive sovereign immunity. *U.S. v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001). Unfortunately for Mr. Brumbaugh, this means that defendant is immune from liability on the claims in Mr. Brumbaugh's lawsuit. Pursuant to the controlling law, the Court must dismiss this case.

After careful consideration, the Court **DENIES** Mr. Brumbaugh's request that the case be remanded to state court (#5 and #12). The Court **GRANTS** defendant's Motion to Dismiss the case (#9) and **DENIES** Mr. Brumbaugh's request that defendant's motion be quashed (#11). The parties' other pending motions and requests (#6, #7, #8, #13, #14, #15, #16, #17 and #18) are **DENIED as moot**.

**IT IS SO ORDERED**.

DATED: January 29, 2008  　　　　　*/s/ Richard E. Dorr*
　　　　　　　　　　　　　　　　　　RICHARD E. DORR, JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT